UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

JOHN RAUBACK, )
)
    Plaintiff, )
)
v. )
) CV418-167
CITY OF SAVANNAH, SAVANNAH )
AIRPORT COMMISSION, and )
GREG KELLY, in his individual and )
official capacities, )
)
    Defendants. )

## REPORT AND RECOMMENDATION

Before the Court is Geoffrey McIsaac's Motion to Intervene, doc. 17, and Plaintiff John Rauback's Motion for Leave to File Amended Complaint, doc. 18. For the following reasons, McIsaac's Motion to Intervene should be **DENIED**, and Plaintiff's Motion for Leave to File Amended Complaint should be **DENIED IN PART AND DEFFERED IN PART**.[1]

---

[1] Plaintiff's motion—although titled as a "Motion to Amend"—seeks leave to add a new plaintiff and defendant. As a result, the Court construes the motion as both a Motion to Amend and a Motion to Join.

## BACKGROUND

In 2008, the Savannah Airport Commission ("SAC") employed Rauback as Director of Administration and Finance and, later, as Assistant Executive Director. Doc. 18-1 at 1-2. He reported to Defendant Kelly. *Id.* at 8. In 2015 and 2016, Plaintiff reported certain allegedly unlawful activities, but had to escalate those reports when Kelly ignored them. *Id.* at 8-9, 11. Plaintiff claims that Defendant Kelly retaliated against him as a result. *Id.* at 10-11.

Separately from Plaintiff's employment woes, Geoffrey McIsaac—Airport Security Manager—also began to experience harassment from his supervisor—Fred McCosby. *Id.* at 18. McIsaac is an armed forces veteran and suffers from PTSD and believes the harassment was caused by his veteran status. *Id.* After an unsuccessful attempt at resolution, McIsaac complained to Plaintiff and the SAC Human Resources Department that McCosby was harassing and discriminating against him because he was a disabled veteran. *Id.* at 11-19. Plaintiff—who reviewed the report of discrimination—verbally counseled McCosby for his behavior on March 21, 2017. *Id.* at 12. The next day, McCosby filed a grievance against Plaintiff with Defendant Kelly. *Id.* However, McCosby

later rescinded the grievance. *Id.* On April 13, 2017, Plaintiff told Defendant Kelly that he was concerned about possible legal exposure stemming from McCosby's behavior towards McIsaac, expressed concerns with the way Defendant Kelly was handling the issue, and requested copies of any grievances which had been filed against him. *Id.* at 13-15.

On May 2, 2017, Defendant Kelly placed Plaintiff on involuntary paid administrative leave. *Id.* at 15. On May 25, 2017, Defendant Kelly attempted to terminate Plaintiff's employment, but later continued the leave pending an investigation. *Id.* at 16. Defendant SAC terminated Plaintiff's employment in January of 2018. *Id.*

While Plaintiff was on leave, McIsaac filed an internal grievance against McCosby. *Id.* at 23. When McCosby's derogatory behavior continued, McIsaac informed the Human Resources Department that he would be filing a charge of discrimination with the EEOC. *Id* at 25. McIsaac subsequently "wrote up" McCosby five times in one day for filing his complaint. *Id.* In December of 2017, McCosby denied McIsaac a performance-base pay increase and placed him on probation. *Id.* McIsaac was subsequently terminated in February of 2018. *Id.* McIsaac

3

and Plaintiff were not fired by the same person. Doc. 19 at 2.

On May 1, 2018, Plaintiff filed this case in the Superior Court of Chatham County against the City, the SAC, and Greg Kelly. Doc. 1 at 1. Plaintiff brings claims under the First Amendment, the Georgia Whistleblower Act, and the Uniformed Services Employment and Reemployment Rights Act ("USERRA"). *Id.* After removal to this Court, McIsaac filed a Motion to Intervene, doc. 17, and Plaintiff filed a Motion for Leave to File Amended Complaint, doc. 18. McIsaac seeks to join Plaintiff's action and bring five additional claims for First Amendment retaliation, retaliation in violation of the Georgia Whistleblower Act, discrimination in violation of the USERRA, retaliation in violation of the USERRA, and hostile work environment in violation of the USERRA. Doc. 18-1. Plaintiff seeks to add McIsaac as a plaintiff and McCosby as a defendant. Doc. 18.

## ANALYSIS

McIsaac can intervene or join in one of two ways: of right or with the Court's permission. After review of the record in this case, McIsaac does not meet the requirements for either.

4

## I.   Intervention or Joinder of Right

Federal Rule of Civil Procedure 24 establishes when a person may intervene as of right. It states that

> (a) . . . [o]n timely motion, the court must permit anyone to intervene who:
> (1) is given an unconditional right to intervene by a federal statute; or
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

The parties agree that McIsaac has no statutory right to intervene. As a result, McIsaac only has a right to intervene if he meets the requirements of subsection (a)(2). Intervention of right under this section requires (1) a timely motion, and (2) an interest relating to the property or transaction at issue, which (3) might be practically impeded or impaired by the disposition of the action and (4) is inadequately represented by the existing parties. *Angel Flight of Ga., Inc. v. Angel Flight of Am., Inc.*, 272 F. App'x 817, 819 (11th Cir. 2008). "Once a party establishes all the prerequisites to intervention, the district court has no discretion to deny the motion." *United States v. Georgia*, 19 F.3d 1388, 1393 (11th Cir. 1994).

5

The parties do not dispute timeliness.[2] However, the parties do dispute whether McIsaac has a sufficient interest in this case and whether McIsaac's interests will be impaired or impeded if he cannot intervene. "In determining sufficiency of interest, this circuit requires that the intervenor must be at least a real party in interest in the transaction which is the subject of the proceeding. This interest has also been described as a direct, substantial, legally protectable interest in the proceedings." *Worlds v. Dep't of Health and Rehab. Serv.*, 929 F.2d 591, 594 (11th Cir. 1991) (citations and quotations omitted). "What is required is that the interest be one which the *substantive* law recognizes as belonging to or being owned by the applicant." *Mt. Hawley Ins. Co. v. Sandy Lake Prop., Inc.*, 425 F.3d 1308, 1311 (11th Cir. 2005) (*quoting*

---

[2] A motion to intervene must be timely, but "timeliness" has no exact definition. *Georgia v. U.S. Army Corps of Eng'rs*, 302 F.3d 1242, 1259 (11th Cir. 2002). Determination of timeliness is committed to the Court's discretion, *United States v. Jefferson Cty.*, 720 F.2d 1511, 1516 (11th Cir. 1983), and it "is to be determined from *all the circumstances*." *Nat'l Ass'n for Advancement of Colored People v. New York*, 413 U.S. 345, 366 (1973) (emphasis added). There is no issue with timeliness here. Plaintiff filed his Complaint on or about May 1, 2018, doc. 1 at 1, and McIsaac's Motion to Intervene was filed four months later on September 18, 2018, doc. 17. This passage of time is insufficient to deem his motion untimely, and the parties do not contest timeliness. *See Diaz v. S. Drilling Corp.*, 427 F.2d 1118, 1125-26 (5th Cir. 1970) (passage of a year after knowledge of suit not untimely under the circumstances, and citing cases allowing intervention after longer delays); *Ohio Sec. Ins. Co. v. Newsom*, 2015 WL 1419341 at * 6 (S.D. Ga. March 27, 2015) (finding "several month" delay did not make motion untimely).

6

*United States v. S. Fla. Water Mgmt. Dist.*, 922 F.2d 704, 710 (11th Cir. 1991)). Further, absent something preventing an intervenor from proceeding in a separate action, an intervenor's rights are neither impaired or impeded. *See Worlds*, 929 F.2d at 594-95 (no impairment of appellant's interest where appellant could bring a separate suit).

Plaintiff's complaint alleges retaliation for his report of unlawful activities and his attempt to remedy McIsaac's claims of harassment. Plaintiff argues that McIsaac should be given leave to intervene in his case because "a primary topic of litigation in [Plaintiff's] case will be what *Defendants* call the 'McCosby-McIsaac Incident.'" Doc. 30 at 6 (emphasis in original). In other words, because addressing McIsaac's claim of harassment triggered the alleged retaliation against Plaintiff, McIsaac somehow gained an interest in Plaintiff's claims. However, neither party seeking intervention claims that McIsaac or Plaintiff are bringing the *same* claims against the *same* individuals. In fact, they agree that "[t]he factual backdrop and form of Defendants' retaliation against [McIsaac] were different, though based on the same concerted intent to support McCosby's unlawful action." Doc. 30 at 8. Moreover, McIsaac also intends to bring claims for activities which occurred after

7

Plaintiff was placed on administrative leave and terminated. *Id.* at 9. And some of Plaintiff's claims have no relationship to McIsaac at all. Doc. 18-1. The fact is, McIsaac and Plaintiff seek to bring two independent claims for employment discrimination. Although the claims arise from similar employment, this does not establish that either have an interest in the other's claims.

Even if McIsaac's claims were sufficiently related to Plaintiff's case, his interests are neither "impaired" nor "impeded" if he cannot intervene. As an initial matter, no party argues that McIsaac will be prevented from bringing his claims in a separate suite or that some legal remedies will be foreclosed if he does not intervene in this one. *Davis v. Butts*, 290 F.3d 1297, 1300 (11th Cir. 2002) (no intervention of right where proposed intervenors are "still free to seek any applicable legal remedies for workplace discrimination"). Plaintiff argues generally that McIsaac's interests *may* be impeded because of some preclusive effect of this litigation. Doc. 30 at 7. That is not enough. And while Plaintiff and McIsaac claim in their brief that there is evidence of "concerted effort at retaliating against both Rauback and McIsaac to protect McCosby and Kelly," they do not identify any policy of discrimination or specific

8

activity of Defendants where a determination on the merits could result in a potentially preclusive effect. *See e.g. Fox v. Tyson Foods, Inc.*, 519 F. 3d 1298, 1303 (11th Cir. 2008) ("The . . . employees who sought to intervene challenged a single policy that the bank applied to multiple employees, and an adverse ruling on whether the policy violated the Age Discrimination in Employment Act would have influenced significantly the resolution of that question in a later action.") (*citing Stone v. First Union Corp.*, 371 F.3d 1305, 1310 (11th Cir. 2004)); *Ciba Specialty Chem. Corp. v. Tensaw Land & Timber Co., Inc.*, 233 F.R.D. 622, 626-27 (S.D. Ala. 2005) (rejecting claim or issue preclusion as justification for intervention of right); *Purcell v. BankAtlantic Fin. Corp.*, 85 F.3d 1508, 1513 (11th Cir. 1996) (noting intervenor's "interest in the collateral estoppel effect of the jury's verdict in this case is too collateral, indirect, and insubstantial to support intervention as of right."). Plaintiff also suggests that it would be unfair to allow the Defendants to have a "second run at many of the same witnesses" if McIsaac does not intervene in this action. Doc. 30 at 7. However, the parties provide no citation -- and the Court has found none -- establishing that potential duplicative testimony establishes impairment for purposes of

intervention. Without meeting this requirement, McIsaac has not established that he may intervene as of right.[3]

For the same reason, the Court does not conclude that McIsaac is required to be joined under Rule 19. Rule 19 requires the joinder of a party if

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may
>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

There is no debate that McIsaac's absence will preclude complete relief or leave an existing party with substantial risk of double, multiple or otherwise inconsistent obligations. Thus, McIsaac must show that he claims an interest relating to the subject of the action and that disposing of the action will "impair or impede his ability to protect the interest." As the Court has already determined that no such impairment or

---

[3] Because the Court determines that McIsaac fails this third prong of the intervention of right test, the Court does not evaluate whether McIsaac's interests are inadequately represented by existing parties.

impediment exists, McIsaac is not required to be joined as a party.

## II. Permissive Intervention or Joinder for McIsaac

Federal Rule of Civil Procedure 24(b) allows the Court to permit anyone to intervene who "has a claim or defense that shares with the main action a common question of law or fact." That rule "gives the district court discretion to permit intervention 'when an applicant's claim or defense and the main action have a question of law or fact in common . . . In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.'" *ManaSota-88, Inc. v. Tidewell*, 896 F.2d 1318, 1323 (11th Cir. 1990) (*quoting Athens Lumber Co., Inc. v. F.E.C.*, 690 F.2d 1354, 1367 (11th Cir. 1982). In the absence of a right to intervene under Rule 24(a), it is wholly within the discretion of the court to allow intervention, "even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied." *Purcell*, 85 F.3d at 1513 (*quoting Worlds*, 929 F.2d at 595). Likewise, permissive joinder under Fed. R. Civ. P. 20 may be allowed when proposed parties

> (A) assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

11

(B) any question of law or fact common to all plaintiffs will arise in the action.

However, in deciding whether to allow joinder under Rule 20, "the district court is guided by the underlying purpose of joinder, which is to promote trial convenience and expedite the resolution of disputes, thereby eliminating unnecessary lawsuits." *Swan v. Ray*, 293 F.3d 1252, 1253 (11th Cir. 2002) (internal quotations omitted).

Again, the parties do not dispute that the motion to intervene or to join was timely made. The crux of the issue is whether there are "common question[s] of law or fact," "whether the intervention will *unduly* delay or prejudice the adjudication of the original parties' rights," and whether it will promote trial convenience and resolution of the dispute to join the claims. Fed. R. Civ. P. 24(b)(1)(B); Fed. R. Civ. P. 24(b)(3) (emphasis added); *Swan*, 293 F.3d at 1253. Based on these factors, the Court concludes that this is not an appropriate case for permissive intervention or joinder.

The Court agrees that there is *overlap* between the claims McIsaac and Plaintiff allege. However, there are also significant differences between McIsaac's and Plaintiff's claims. First, neither argue that there is a "pattern or practice" of discrimination. Nor do they argue that they

12

are similarly situated within a group. *See contra Stallworth v. Monsanto Co.*, 558 F.2d 257, 269 (5th Cir. 1977) ("this appears to be a classic example of the type of case in which the rights asserted by two groups of workers employed by the same defendant should be adjudicated in one action rather than in two.").[4] Second, *not all* of Plaintiff's claims arose because of his involvement in the McIsaac/McCosby dispute. In fact, Plaintiff's dispute with Defendant Kelly began with allegations of misappropriation of funds unrelated to McIsaac years before McIsaac filed his complaint with human resources. Likewise, many of McIsaac's claims appear unrelated to Plaintiff's termination.

McIsaac's claims also more than double those raised in the initial complaint and significantly expand the factual scope of the case. *See* Doc. 1-2, Doc. 18-1. Likewise, the probative value of joining the two plaintiffs together would likely be outweighed by the prejudicial impact of each other's alleged discriminatory—but individual—experiences. *Braham v. YBE Oxford, LLC*, 2013 WL 120648, * 4 (N.D. Ala. Jan 4, 2013) (addressing concerns of tainting jury by joining two plaintiffs).

---

[4] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

McIsaac also has a claim which is not yet ripe for review as he has also filed an Americans with Disabilities Act ("ADA") claim which is still pending before the Equal Employment Opportunity Commission ("EEOC").[5] Finally, while Plaintiff and McIsaac share the same employer, they come from vastly different employment positions, and bring very different claims.[6]

Boiling this dispute down, the facts mitigate against exercising discretion to join these claims or to allow McIsaac to intervene. Plaintiff and McIsaac had different positions, different job duties, different supervisors, different reasons for termination, different decision makers

---

[5] The proposed amended complaints even "notes" that McIsaac "intends to seek leave to amend once more after he receives the Notice of Right to Sue in order to add his claims under the ADA." Doc. 18-1 at 2 n.1.

[6] The Court also finds it persuasive that severance of these claims—had they been brought in the same suit—would likely be within its discretion. *See Schwartz v. Dex Media, Inc.*, 2018 WL 2094962 *2 (M.D. Fla. May 7, 2018) (severing where "the similarities are limited to [defendant's] employment of the Plaintiffs, [Defendant's] Vice President mistreatment of the plaintiffs, and the Plaintiffs' alleged age discrimination"); *Foster v. Auburn University Montgomery*, 2011 WL 3875623 * 2 (M.D. Ala. Sept. 1, 2011) ("Given the different departments, decision makers, and discrete dates associated with each Plaintiff's claim, the Complaint does not show any transaction or series of transaction that links these Plaintiffs for the retaliation, age discrimination, and negligence claims."); *Grayson v. K-Mart Corp.*, 849 F. Supp. 785, 789 (N.D. Ga. 1994) (finding plaintiffs with same job, same demotion, same cause of action, and same decision maker insufficiently related to avoid severance); *Haley-Muhammad v. Colonial Mgmt. Grp., LP*, 2014 WL 429133, *4 (N.D. Ala. Aug. 26, 2014) (granting severance where "[e]ach plaintiff held a different job, was terminated for an ostensibly different reason, and has a different ground for her discrimination claim").

14

on the termination, and are bringing factually distinct claims. These differences—even with Plaintiff's involvement in McIsaac's discrimination claim—indicate that these cases are factually distinct. Likewise, McIsaac has already informed the Court that at some later point he will seek to amend the complaint again and presumably reopen depositions and discovery on the claim he has pending before the EEOC. Accordingly, the Court concludes that permissive intervention and joinder should be denied. Because Plaintiff's proposed amended complaint makes no independent claims against McCosby, the Court should therefore also deny Plaintiff's motion to join McCosby as a defendant.

## III. Motion to Amend the Complaint

Plaintiff filed a Motion to Amend the Complaint, doc. 18, contemporaneously with McIsaac's motion to intervene doc. 17. Federal Rule of Civil Procedure 15 states that "[t]he court should freely give leave [to amend] when justice so requires." Doc. 18-1. The proposed amended complaint contemplated the addition of McIsaac as a plaintiff and encompasses numerous additional factual allegations. Because the Court has recommended the denial of McIsaac's Motion to Intervene as

15

well as Plaintiff's Motion to Join McIsaac, it is unclear which added factual allegations correspond to McIsaac's claims and which correspond to Plaintiff's claims. As a result, the Court will grant Plaintiff the opportunity to file an amended complaint adding any additional factual allegations he believes necessary to support *his* claims.[7] Accordingly, Plaintiff is **DIRECTED** to file a proposed amended complaint within 14 days from the date the District Judge rules on this Report and Recommendation. Defendants shall have 14 days from the date of filing of Plaintiff's proposed amended complaint to file any objections.

## CONCLUSION

For the foregoing reasons, McIsaac's Motion to Intervene should be **DENIED**, and Plaintiff's Motion to Join should be **DENIED** and Plaintiff's Motion to Amend should be **DEFFERED**.[8] This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. §636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written

---

[7] Plaintiff should not look a gift horse in the mouth. This opportunity is not a second chance to backdoor McIsaac's claims should the District Judge adopt this Report and Recommendation.

[8] As noted in footnote 1 *supra*, the Court construed Plaintiff's Motion for Leave to File Amended Complaint, doc. 18, as a Motion to Join and a Motion to Amend.

objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C.§ 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**So Reported and Recommended,** this 4th day of January, 2019.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA