IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

JOHN RAUBACK,

    Plaintiff,

v.

THE CITY OF SAVANNAH,
SAVANNAH AIRPORT COMMISSION,
and GREG KELLY, in his
individual and official
capacities,

    Defendants.

CASE NO. CV418-167

**ORDER**

Before the Court is the Magistrate Judge's Report and Recommendation (Doc. 39), to which objections have been filed (Doc. 41). After a careful de novo review of the record in this case, the Court concludes that Plaintiff's objections are without merit. Accordingly, the report and recommendation is **ADOPTED** as the Court's opinion in this case. As a result, Geoffrey McIsaac's Motion to Intervene (Doc. 17) is **DENIED** and Plaintiff's Motion to Amend, to the extent that it seeks leave to join Fred McCosby as a defendant, is **DENIED**.

In his objections, Plaintiff argues that joining McIsaac's claims will promote trial convenience and resolution of the dispute in this case. Plaintiff contends

that joinder will eliminate duplicity of discovery and potential motions for summary judgment. (Doc. 41 at 9-10.) After careful review, the Court is not persuaded by Plaintiff's arguments that the factual overlap on some claims outweighs the potential confusion to the jury or prejudice to Defendants.

In Plaintiff's proposed amended complaint, he alleges three claims of retaliation, primarily comprised of two factual scenarios: (1) retaliation for whistleblowing related to Chairman Formey's alleged unlawful credit card expenditures and alleged violations of the Federal Aviation Administration's Disadvantaged Business Enterprise Program, and (2) retaliation for opposing the discrimination of Geoffrey McIsaac by Fred McCosby (referred to as the McIsaac/McCosby incident). (Doc. 18-1 at 28-36.) McIsaac's claims in the proposed amended complaint, however, are comprised of claims for discrimination under both the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA") and the Americans with Disabilities Act ("ADA"), retaliation for reporting his own discrimination, and retaliation for whistleblowing related to cooperating with a TSA official's inquiries. (Id. at 36-47.) Despite any overlap between the claims, McIsaac's claims of

discrimination under USERRA and the ADA[1] are fact intensive claims that present discrete legal theories distinct from Plaintiff's claims of retaliation.

In Alexander v. Fulton Cty., Ga., 207 F.3d 1303, 1313 (11th Cir. 2000), overruled on other grounds by Manders v. Lee, 338 F.3d 1304 (11th Cir. 2003), the Eleventh Circuit upheld a district court's joinder of the plaintiffs' claims where all plaintiffs claimed to have suffered discrimination as a result of a pattern or practice of employment discrimination on the basis of race. In this case, however, only one potential plaintiff is claiming to have been discriminated against, while the other plaintiff is alleging retaliation for whistleblowing violations of federal and state law, including but not limited to, the alleged discrimination experienced by his potential co-plaintiff. Thus, potential motions for summary judgment, apart from involving some of the same general alleged unlawful conduct (discrimination in violation of USERRA and the ADA) and some common witnesses, would actually involve distinctly different legal and factual issues. Additionally, in light of the fact that Plaintiff and McIsaac are not presenting a "pattern or practice" of

---

[1] McIsaac's ADA claim is currently pending before the Equal Employment Opportunity Commission ("EEOC").

3

company-wide, systematic discrimination, the Court concurs with the Magistrate Judge's reasoning that the probative value of joining Plaintiff and McIsaac together would likely be outweighed by the prejudicial impact of each other's discriminatory experiences.

SO ORDERED this 5th day of February 2019.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA