# Exhibit 3

Declaration of

Wade W. Herring, II

STATE OF GEORGIA

COUNTY OF CHATHAM

## DECLARATION OF WADE W. HERRING, II

1. My name is Wade W. Herring, II. I am over the age of 18, and otherwise competent to testify. I have firsthand knowledge of the facts contained in this Declaration.

2. I have been a lawyer since 1983. I am a partner at the law firm of Hunter, Maclean, Exley & Dunn, P.C., where I have practiced law since 1985.

3. HunterMaclean and I represent Savannah Airport Commission ("SAC") and its executive director, Greg Kelly, in the case of *Rauback v. City of Savannah*, 4:18-cv-00167, currently pending in the United States District Court, Southern District of Georgia. Mr. Rauback filed suit on May 1, 2018 in the Superior Court of Chatham County, Georgia.

4. Mr. Rauback's lawyer, Brian Sutherland, sent his first demand letter on behalf of Mr. Rauback on June 13, 2017. Settlement discussions between Mr. Sutherland and me, on behalf of our respective clients, continued intermittently from June 13, 2017, until January 24, 2018, when Mr. Sutherland emailed me: "I have spoken with Mr. Rauback, and he is not willing to mediate without an offer from the Savannah Airport Commission. I believe we are at an impasse, and Mr. Rauback will be proceeding with litigation. Thank you for your courtesies in working through the possibility of a pre-suit settlement, and I look forward to working with you in the litigation."

5. HunterMaclean and I represented SAC in the case of *Mitchell v. Savannah Airport Commission*, 4:17-cv-00188. The *Mitchell* case, a race and sex discrimination case, was filed in the United States District Court, Southern District of Georgia, on October 11, 2017. Mr. Rauback was originally a defendant in the *Mitchell* case, but upon the parties' joint

4846-4580-3929 v1

motion, the Court dismissed Mr. Rauback from the lawsuit on January 9, 2018. Roy Paul, of Bart, Meyer & Company, LLP, represented Mr. Rauback in the *Mitchell* case. The Court granted SAC's motion for summary judgment and dismissed the case on December 11, 2018.

6. HunterMaclean and I represented SAC in the case of *Mitchell v. Savannah Airport Commission,* CV 1800315, filed in the Superior Court of Chatham County on March 20, 2018. This action arose from an Open Records Request that Ms. Mitchell filed seeking the settlement communications between Mr. Sutherland and myself about Mr. Rauback. SAC did not produce the communications, and Mitchell filed suit. The settlement discussions were never produced. Mitchell voluntarily dismissed the suit on April 22, 2019.

7. HunterMaclean and I also represent SAC, Greg Kelly, and Fred McCosby in the case of *McIsaac v. City of Savannah,* 4:19-cv-00021, filed in the United States District Court, Southern District of Georgia on January 18, 2019.

8. My law partner, Sarah Lamar, has worked with Human Resources at SAC to provide training on legal and HR topics. Ms. Lamar's communications with SAC about the training were made in Ms. Lamar's capacity as a lawyer and were confidential. (BEGDOC 21538).

9. Brooks Stillwell is the general counsel for SAC. James Blackburn and his law firm of Wiseman Blackburn, LLC continue to represent SAC as well. Any communications between SAC and Mr. Stillwell, or between SAC and Wiseman Blackburn, were made in their capacities as lawyers for SAC and were confidential. (BEGDOC 43068, 45242, 57626).

10. Any email or other written communications between Mr. Stillwell and me concern only pending litigation involving SAC or potential claims against SAC. Any email or other

2

written communications between Wiseman Blackburn, LLC, its attorneys and me concern only pending litigation involving SAC or potential claims against SAC. The communications are made in our capacities as lawyers for SAC and were confidential. (BEGDOC 56111, 71997, 72051)

11. I only speak with or otherwise communicate with anyone at SAC about pending litigation or employment problems that may result in litigation. I have no reason to speak with anyone at SAC on any other topic. All of my communications with SAC are in my capacity as a lawyer for SAC and are confidential. (BEGDOC 71976, 71978, 71982, 71997, 72030, 72048, 72051, 72053, 72059, 72205).

12. I do not intend to use any attorney-client communications in the defense of the *Rauback* case, nor have I ever expressed such an intention. I do not intend to use any attorney for SAC as a witness in the defense of the *Rauback* case, nor have I ever expressed such an intention.

13. Becky Hotchkiss has been my assistant for almost 17 years. Ms. Hotchkiss, or anyone else who works at HunterMaclean, communicates with persons at SAC pursuant to my requests and directions. My office staff only speaks with or otherwise communicates with anyone at SAC about pending litigation or employment problems that may result in litigation. My staff has no reason to speak with anyone at SAC on any other topic. My staff's communications with SAC and its employees are confidential. (BEGDOC 72183).

14. Meghan Dunn became Greg Kelly's executive assistant in July of 2014. Ms. Dunn has been heavily involved in the defense of the various lawsuits. She performs tasks pursuant to my requests and directions. In all of the lawsuits, Ms. Dunn has helped with fact-finding, document production, and witness identification and coordination. The communications

between Ms. Dunn and HunterMaclean are about ongoing litigation and are confidential. (BEGDOC 72078, 722205).

15. As the former assistant executive director of SAC, Mr. Rauback worked with the SAC employees or commissioners listed in the privilege log. He well knows who these people are, without explanation. SAC senior staff and other key personnel communicated with legal counsel or about the advice of counsel with the expectation that these communications were confidential.

    a. A member of SAC's senior staff, Lori Lynah is the Director of Marketing and Air Service Development. Mr. Kelly forwarded an email to Ms. Lynah concerning legal advice from Mr. Stillwell and Mr. Blackburn about a lawsuit involving SAC that was first sent to SAC commissioners. (BEGDOC 28259).

    b. In 2015, well before Mr. Rauback's suspension in 2017, Sheldon Tenenbaum was a SAC commissioner. Mr. Tenenbaum replied to Meghan Dunn concerning an original communication with the commissioners and Mr. Blackburn. (BEGDOC 47229).

    c. Greg Kelly is the SAC executive director. He forwarded an email to himself from Mr. Blackburn. (BEGDOC 44394).

    d. A member of SAC's senior staff, Dawoud Stevenson is the Director of Program Management, Information Technology. Mr. Stevenson succeed Mr. Rauback as SAC's Disadvantaged Business Enterprise Coordinator. The *Paradies* litigation, involved in part, a DBE at SAC. Mr. Kelly forwarded an email to Mr. Stevenson that originated as a communication from Mr. Blackburn to the SAC commissioners about the *Paradies* litigation. (BEGDOC 48440).

4

  e. Mr. Kelly relies heavily upon his executive assistant, Meghan Dunn, to assist him with all manner of responsibilities, including keeping abreast of litigation involving SAC. Sylvester Formey was previously SAC commission chair. (BEGDOC 48539).

  f. Timothy Roberts is Airport Accountant. Candace Carpenter is Marketing Manager. As previously explained, a member of SAC's senior staff, Dawoud Stevenson is the Director of Program Management, Information Technology. Jennifer Brotka is Finance Manager. A member of SAC's senior staff, Fred McCosby is Director of Operations. George Fidler, a member of SAC's senior staff, is Director of Engineering. Lenard Robinson, a member of SAC's senior staff, is Director of Landside Facilities. Lois Wooten, Sheldon Tenenbaum, Shirley James, Stephen Green, and Ted Kleisner were all Airport Commissioners. Tiffany Fluegel is Social and Digital Media Specialist at SAC. As indicated, the email discussion among these persons included Mr. Blackburn and had nothing to do with Mr. Rauback's claims against the Airport. (BEGDOC 6814).

  g. Commission chair, Sylvester Formey, had email discussions with his fellow commissioners and the executive director about legal issues such as contracts, which included the airport attorney, Mr. Blackburn. (BEGDOC 59661, 59976; *see also* 57626).

16. As explained in the privilege log, Lois Adams is a paralegal in the office of the City Attorney for the City of Savannah. Brooks Stillwell in 2018 was not only attorney for SAC, but also the City of Savannah. SAC is an operating agency of the City of Savannah. (BEGDOC 72075, 72077, 72078, 72220).

17. As part of this litigation, the law firm Buckley Beal sent an Open Records request to SAC on November 8, 2018. Most of the documents produced in this case were produced in response to the Open Records request. Open Records requests are not subject to the constraints of the Federal Rules of Civil Procedure, such as relevance and proportionality. In my capacity as the defense lawyer for SAC, I conferred with Dawoud Stevenson, a member of SAC's senior staff and SAC's Director of Program Management, Information Technology, about the Open Records request sent by Mr. Rauback's lawyers. (BEGDOC 72320). Obviously, I knew that Buckley Beal was representing Mr. Rauback and that Buckley Beal would use whatever documents SAC produced to represent Mr. Rauback and pursue his claims against SAC and Mr. Kelly. Per Georgia statute, certain documents need not be produced, for example, attorney-client privileged communications, O.C.G.A. § 50-18-72(a)(41) (and which does not require a privilege log), and medical records, O.C.G.A. § 50-18-72(a)(2).

**I declare under penalty of perjury that the foregoing is true and correct.**

Executed on June 13, 2019.

*/s/ Wade W. Herring II*
Wade W. Herring, II