IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| JOHN RAUBACK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. CV418-167 |
| | ) | |
| CITY OF SAVANNAH, SAVANNAH AIRPORT COMMISSION, and GREG KELLY, in his individual and official capacities. | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## O R D E R

Before the Court are Defendants Savannah Airport Commission and Greg Kelly's ("SAC Defendants") Motion to Strike Rauback's Opposition and Exhibits Filed on October 28, 2019 (Doc. 110) and Plaintiff John Rauback's Motion for Leave to Re-File Exhibits with Redactions (Doc. 112). For the following reasons, SAC Defendants' Motion to Strike (Doc. 110) is **DENIED IN PART** and **GRANTED IN PART** and Plaintiff's Motion for Leave to Re-File Exhibits with Redactions (Doc. 112) is **GRANTED**.

### BACKGROUND

On July 13, 2018, SAC Defendants removed this action from the Superior Court of Chatham County, Georgia. (Doc. 1.) Magistrate Judge Ray set the motions deadline for September 27, 2019. (Doc. 56.) On September 27, 2019, SAC Defendants filed their Motion for Summary Judgment. (Doc. 86.) Plaintiff requested and received an

extension of the deadline to respond (Docs. 89, 90). Plaintiff's response to SAC Defendants' motion for summary judgment was due on October 26, 2019. (Doc. 90.) On October 25, 2019, Plaintiff filed a response brief to SAC Defendants' motion. (Doc. 92.) Attached to his response brief, Plaintiff also filed his Statement of Additional Material Facts Presenting Genuine Issues for Trial (Doc. 92, Attach. 1) and his Responses and Objections to SAC Defendants' Statement of Undisputed Material Facts (Doc. 92, Attach. 2). Three days later, on October 28, 2019, Plaintiff filed ten separate documents, containing exhibits and documents referenced in Plaintiff's response brief, statement of material facts, and response and objections to SAC Defendants' statement of material facts. (See Docs. 95-105.)

SAC Defendants now move to strike Plaintiff's responsive papers (Doc. 92) for failing to comply with Southern District of Georgia Local Rule 7.1 (Doc. 110 at 2). SAC Defendants also seek to have Plaintiff's supporting exhibits and documents (Docs. 95-105) filed on October 28, 2019 stricken from the record for (1) not being timely and contemporaneously filed with Plaintiff's opposition papers filed on October 25, 2019; (2) being improperly referenced and filed using the Court's e-filing system; and (3) including personal identifying information. (Id.)

## ANALYSIS

Local Rule 7.1 states in part that "[a]bsent prior permission of the Court, no brief shall exceed twenty-six (26) pages in length

2

. . . ." S.D. Ga. L.R. 7.1(a). In its prior order, this Court granted both parties leave to file briefs not to exceed thirty-six pages. Defendants argue that Plaintiff's responsive papers (Doc. 92) exceed this page limit, because Plaintiff's response brief and statement of additional material facts, taken together, total 69 pages (Doc. 110, Attach. 2 at 3-5). In response, Plaintiff correctly notes that Local Rule 7.1 applies to briefs, not attached statements of material facts. (Doc. 123, at 15) As Local Rule 56.1 makes clear, a statement of material facts is made "in addition to the brief" and is, therefore, not counted against a party's Rule 7.1 page limit. S.D. Ga. L. R. 56.1. Plaintiff's brief totals thirty-six pages, within the page limit set by the Court for these filings. (Doc. 92.) Accordingly, the Court finds that Plaintiff's brief (Id.) does comply with Local Rule 7.1(a). As a result, to the extent SAC Defendants' seek to have Plaintiff's responsive papers stricken for exceeding the page limit, SAC Defendants' Motion to Strike (Doc. 110) is **DENIED**.

Next, SAC Defendants argue that Plaintiff's supporting exhibits (Docs. 95-105) should be stricken because they were not timely filed. (Doc. 110, Attach 2 at 6.) When a party submits an untimely filing, it is ultimately at the Court's discretion whether to strike or consider the document. Young v. City of Palm Bay, 385 F.3d 859, 863-864 (11th Cir. 2004). Plaintiff filed his supporting exhibits on October 28, 2019, two days after the October 26, 2019 deadline.

3

(Docs. 95-105.) While this Court does not approve of any untimely filing, it also will not impose an overly harsh penalty if the circumstances do not warrant. Looking Good Props., LLC v. Ascot Corp. Names Ltd., No. CV412-138, 2014 WL 1002114, at *2 (S.D. Ga. March 12, 2014) (declining to strike plaintiff's response where filing was "only one day late" and "[t]he late filings caused no real prejudice to Defendant . . . ."). In this case, it seems counsel for the Plaintiff made a good faith effort to timely file the supporting exhibits. (Doc. 123, Attach. 1 at 1-3.) Further, SAC Defendants do not allege that Plaintiff's untimely filing caused them prejudice. Accordingly, while the Court reminds all parties of the seriousness of its filing deadlines, the Court will not strike the supporting exhibits (Docs. 95-105) from the record for being untimely.

SAC Defendants' next argument is that Plaintiff's supporting exhibits (Docs. 95-105) should be struck from the record because they were improperly filed. The Court agrees with SAC Defendants that Plaintiff's manner of filing does not comply with this Court's filing procedures. (Doc. 110, Attach. 2 at 8-12); see GA R USDCTSD ECF PROC(IV)(A) ("Each item of evidence should be filed as a separate attachment to the motion to which it relates."). However, Defendants have not shown that they are prejudiced in any way by the improper filing. Rather, as the cases SAC Defendants cite demonstrate, a party who files documents in an inefficient manner does so to their

4

own detriment, not the opposing party. See Zurich Am. Ins. Co. v. Jones, CV 315-081, 2018 WL 4261071, at *2 n.1 (S.D. Ga. Sept. 6, 2018)("[I]nadequately-supported denials and assertions need not be considered by the Court"); Waldridge v. Am. Hoechst Corp., 24 F.3d 918, 920-22 (7th Cir. 1994) ("[D]istrict courts are not obliged in our adversary system to scour the record looking for factual disputes . . . ."). As such, to the extent that Defendants request the Court to disregard the supporting exhibits (Docs. 95-105) in making its summary judgment determination, Defendants' motion (Doc. 110) is **DENIED**. However, the Court **DIRECTS** Plaintiff to re-file his Response in Opposition to SAC Defendants' Motion for Summary Judgment (Doc. 92), Statement of Additional Material Facts (Doc. 92, Attach. 1), Objections to SAC Defendants Statement of Material Facts (Doc. 92, Attach. 1), and all supporting exhibits and documents (Docs. 95-105) as one document. Plaintiff is not to include any additional exhibits or documents in this filing.

Lastly, SAC Defendants argue that Plaintiff's exhibits (Docs. 95-105) should be struck for improperly including personal identifying information (Doc. 110 at 12-14). Plaintiff does not dispute that it inadvertently filed several exhibits with personal identifying information and Plaintiff has subsequently filed a Motion for Leave to Re-File Exhibits with Redactions (Doc. 112.), which SAC Defendants do not oppose (Doc. 119). Accordingly, to the extent SAC Defendants move to strike Plaintiff's supporting exhibits

(Docs. 95-105), Defendants' Motion to Strike (Doc. 110) is **GRANTED**. Additionally, Plaintiff's Motion for Leave to Re-file Exhibits with Redactions is **GRANTED**, and Plaintiff is **DIRECTED** to re-file his redacted exhibits (Docs. 95-105) in accordance with the Court's instructions.

## CONCLUSION

For the foregoing reasons, SAC Defendants' Motion to Strike (Doc. 110) is **DENIED IN PART** and **GRANTED IN PART** and Plaintiff's Motion for Leave to Re-File Exhibits with Redactions (Doc. 112) is **GRANTED**. Plaintiff is **DIRECTED** to re-file his Response in Opposition to SAC Defendants' Motion for Summary Judgment (Doc. 92), Statement of Additional Material Facts (Doc. 92, Attach. 1), Objections to SAC Defendants Statement of Material Facts (Doc. 92, Attach. 1), and all supporting exhibits and documents (Docs. 95-105), with appropriate redactions, as one document within twenty (20) days of this order. Plaintiff will not be granted an extension.

SO ORDERED this 29th day of September 2020.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA