IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| JOHN RAUBACK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. CV418-167 |
| ) | |
| CITY OF SAVANNAH, SAVANNAH ) | |
| AIRPORT COMMISSION, and GREG ) | |
| KELLY, in his individual and ) | |
| official capacities, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**O R D E R**

Before the Court is Plaintiff John Rauback's Motion for Review and Exclusion of Costs (Doc. 166) and Motion for Continuance of Costs Pending Appeal (Doc. 167). Defendants Savannah Airport Commission and Greg Kelly (collectively, "SAC Defendants") have opposed both motions. (Docs. 168, 169.) For the following reasons, Plaintiff's motion for continuance (Doc. 167) is **GRANTED**, and Plaintiff's motion to exclude costs (Doc. 166) is **DENIED WITHOUT PREJUDICE.**

**ANALYSIS**

On May 1, 2018, Plaintiff filed this action in the Superior Court of Chatham County, Georgia, alleging that SAC Defendants and Defendant the City of Savannah (the "City") retaliated against him for engaging in protected speech during the course of his

employment with the Savannah Airport Commission. (Doc. 1, Attach. 2 at 3.) On July 13, 2018, SAC Defendants removed the case to this Court pursuant to 28 U.S.C. § 1331. (Doc. 1 at ¶ 4.) Following discovery, SAC Defendants and the City separately moved for summary judgment on Plaintiff's claims. (Docs. 82, 86.) The Court granted the Defendants' summary judgment motions on Plaintiff's federal law claims, dismissed Plaintiff's state law claims and closed the case. (Doc. 158 at 66-67.) Plaintiff filed his Notice of Appeal on April 27, 2021, which is currently pending. (Doc. 160.)

On April 28, 2021, Defendants submitted a Bill of Costs along with supporting documentation seeking to tax Plaintiff $15,882.93. (Doc. 161 at 1.) Plaintiff initially did not object to Defendants' Bill of Costs and, on May 24, 2021, the Clerk of Court taxed $15,882.93 against Plaintiff. (Doc. 165.) Plaintiff has since moved to exclude certain costs taxed by the Clerk, arguing that the costs are statutorily impermissible. (Doc. 166 at 1.) Additionally, Plaintiff moves for a continuance on the taxation of any costs that the Court deems are statutorily permitted, pending Plaintiff's appeal. (Doc. 167 at 1.)

Normally, the filing of a notice of appeal divests a district court of jurisdiction over any matters involved in the appeal.

2

Taylor v. Sterrett, 640 F.2d 663, 667-68 (5th Cir. 1981).[1] Yet, a district court retains jurisdiction over certain motions for costs while an appeal is pending. See Rothenberg v. Sec. Mgmt. Co., 677 F.2d 64, 64 (11th Cir. 1982) ("It is well settled in this circuit that costs may be taxed after a notice of appeal has been filed."). "As the Advisory Committee's Note to Rule 54 explains—albeit in the context of costs owing to attorney's fees—'[i]f an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing . . . a new period for filing after the appeal has been resolved.' " Grovner v. Ga. Dep't of Nat. Res., No. CV 213-89, 2015 WL 6453163, at *2 (S.D. Ga. Oct. 23, 2015) (quoting Fed. R. Civ. P. 54(d)(2) Advisory Committee's Note to 1993 Amendment).

In this case, rather than resolve the issue of costs during the pendency of appeal, the Court has determined that the ends of justice would be better served by denying Plaintiff's motion to exclude costs without prejudice and with leave to re-file after the conclusion of the appeal. See Teagan v. City of McDonough, Ga., No. 1:15-CV-00607-ELR, 2018 WL 10455935, at *1 (N.D. Ga. May

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

3

9, 2018). Accordingly, Plaintiff's motion for continuance (Doc. 167) is **GRANTED**.

## CONCLUSION

Based on the foregoing, Plaintiff's motion for continuance (Doc. 167) is **GRANTED,** and Plaintiff's motion to exclude costs (Doc. 166) is **DENIED WITHOUT PREJUDICE**. Plaintiff will have **fourteen (14) days** from the resolution of Plaintiff's appeal to file a renewed motion for exclusion of costs.

SO ORDERED this 18th day of August 2021.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA